IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERN BELK, SR., and<br>DEMETRIUS BLUE,<br><br>    Plaintiffs,<br><br>vs.<br><br>EAST ST. LOUIS POLICE DEPARTMENT,<br>et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-159-DWD<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on non-party Christopher McNeal's Motions to Join the case as a plaintiff (Docs. 29 and 30). McNeal's Motions are **DENIED**.

The thrust of the Complaint is that the East St. Louis Police Department held Plaintiffs Belk and Blue in jail without a warrant for more than 48 hours without presentation of charges- 50 hours for Belk and 49.5 for Blue. (Doc. 1).[1] They assert that this is a common practice, known of and approved by (or ignored) by a variety of officials, and that it infringes on their constitutional rights.

McNeal states that he was arrested at his home on September 21, 2019 and held by the East St. Louis Police Department for 50 hours and 10 minutes. (Docs. 29 and 30, pp.

---

[1] Although the Complaint references "48 hour hold laws," the Court is unaware of any such state or federal statute. Rather, it appears that this refers to the overall Fourth Amendment standard set out in *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), where such a situation presumptively satisfies constitutional requirements if a detainee is held less than 48 hours and presumptively violates the Fourth Amendment if the detention lasts longer.

1

1-2).

As an initial matter, McNeal's efforts are not properly considered a motion to join under Federal Rule of Civil Procedure 19 or 20, as he is not a party to the suit.  See *Thompson v. Boggs*, 33 F.3d 847, 858 n. 10 (7th Cir.1994) (noting the lack of any precedent granting a non-party's motion for joinder); *Arrow v. Gambler's Supply Inc.*, 55 F.3d 407, 409 (8th Cir. 1995) (holding that only existing parties may move to join additional parties). McNeal's motions will therefore be treated as attempts to intervene in the case under Federal Rule of Civil Procedure 24.

There are two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b).  Rule 24(a) requires a Court to permit intervention either under a federal statute, or if (1) the motion is timely; (2) the moving party has an interest relating to the property or transaction at issue in the litigation; and (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case.  FED. R. CIV. P. 24(a); *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020).  There is no federal statute at issue, and McNeal does not plead that he has an interest that might be impaired or impeded if the case is prosecuted without his participation.

Permissive intervention may be allowed where the proposed intervenor (1) is given a conditional right to intervene by a federal statute; or (2) has a claim or defense that shares with the main action a common question of law or fact.  FED. R. CIV. P. 24(b)(1). The decision is left to the discretion of the Court, which must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties'

rights." FED. R. CIV. P. 24(b)(3).

Again, no federal statute is at issue. Based on McNeal's pleading, his claim does not share a common question of law or fact sufficient to merit joinder. While McNeal alleges he was also held longer than permissible by the East St. Louis Police Department without notification of charges, that alone is too tenuous a connection. He does not allege that his detention was in any way related to Blue or Belk, or that he was held longer than 48 hours pursuant to some larger practice or policy by the Defendants. The fact that the same constitutional right is at issue does not sufficiently tie the cases together to justify the complication and delay of adding another plaintiff to a case where the existing plaintiffs already have had difficulties sorting out the issue of initial filing fees.

## Disposition

**IT IS HEREBY ORDERED** that McNeal's Motions to Join (Doc. 29 and 30) are **DENIED** without prejudice. Should McNeal choose to file his own federal civil rights complaint and it survives initial screening under 28 U.S.C. §1915A, the Court will consider a properly pled motion to consolidate the cases. The Clerk of Court is **DIRECTED** to terminate McNeal as an interested party in the CM/ECF system

**IT IS SO ORDERED.**

**DATED: October 30, 2020**

**DAVID W. DUGAN**
United States District Judge